UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case No.: 8:22-cr-259-WFJ/AEP

v.

AUGUSTUS C. ROMAIN, JR.

### UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR LACK OF VENUE

In 2015, the Defendant, Augustus C. Romain, Jr., was a high-level leader in the African People's Socialist Party ("APSP") who resided in St. Petersburg, Florida. At that time, Romain willfully and knowingly joined a conspiracy—initially formed by codefendants Omali Yeshitela, who was the Chairman of the APSP, and Aleksander Ionov, a Russian national—to act within the United States on behalf of the Russian government in order to engage "the U.S. and Europe in serious struggle" and "sew division inside the U.S." In late 2018, Romain left the APSP and relocated to Atlanta, Georgia, where he formed his own group called the "Black Hammer." Thereafter, and as alleged in the Superseding Indictment, Romain continued to undertake acts similar in nature to those undertaken by the APSP, within the United States, and on behalf of the Russian government. Romain's acts were taken in furtherance of the conspiratorial agreement formed in 2015. Indeed, he remained and continued to act subject to the Russian government's direction and control, and he continued to track and compare the success of his acts with similar actions conducted by Yeshitela.

Nevertheless, Romain moves to dismiss the Superseding Indictment against him for improper venue, arguing that he cannot be charged in the Middle District of Florida—where he was located and resided when he joined the conspiracy, and where his co-conspirators engaged in multiple overt acts in furtherance of the conspiracy. Romain's arguments contradict the facts and law. Accordingly, his Motion to Dismiss should be denied.

## I.   BACKGROUND

### A.   Procedural History

On April 13, 2023, defendants Yeshitela, Hess, Nevel, and Romain (the "Defendants") were charged by Superseding Indictment with conspiring to act as agents of the Russian government without notification to the Attorney General, in violation of 18 U.S.C. §§ 371 and 951. Yeshitela, Hess, and Nevel were further charged with a substantive violation of Section 951.

On January 25, 2024, Romain filed a Motion to Discharge his Appointed Counsel. On February 1, the Court held a hearing and granted that Motion, allowing Romain to proceed *pro se* with standby counsel.

On March 7, 2024, Romain filed the instant Motion to Dismiss for Improper Venue (Doc. 174). In the Motion, Romain argues that the Superseding Indictment should be dismissed because the overt acts that it alleges he committed occurred in Georgia and elsewhere, not in the Middle District of Florida.

### B. The Superseding Indictment

The allegations in the Superseding Indictment ("SI") are discussed at length in the United States' Response to the Motion to Dismiss (Dkt. 130 at 3-8), which is incorporated herein by reference. The discussion below focuses on the allegations relating to venue.

The Superseding Indictment alleges that the Defendant Augustus C. Romain, Jr., conspired with American codefendants Omali Yeshitela, Jesse Nevel, and Penny Hess, as well as Russian codefendants Aleksandr Viktorovich Ionov, Yegor Sergeyevich Popov, Aleksey Borisovich Sukhodolov, and others, to act as agents of the Russian Government without notification to the Attorney General. The Superseding Indictment alleges that the charged conspiracy occurred "in the Middle District of Florida, Russia, and elsewhere." SI at 9.

According to the Superseding Indictment, Ionov was the founder and president of the Anti-Globalization Movement of Russia ("AGMR"). SI ¶6. Ionov worked on behalf of several Russian Federal Security Service, or "FSB," officers, including Popov and Sukhodolov. *Id.* ¶¶7–10. Popov instructed Ionov that he was "the only person [in the FSB] responsible for working with" Ionov, and that Sukhodolov oversaw "everything" concerning Ionov's work for the FSB. *Id.* ¶8.

Defendants Yeshitela, Hess, Nevel, and Romain were leaders in the APSP, which was headquartered in St. Petersburg, Florida, and they all resided in St. Petersburg. *Id.* ¶¶11–16. In or around November of 2018, Romain left the APSP and founded the Atlanta-based group "Black Hammer." *Id.* ¶16.

The overt acts ("OA") in the Superseding Indictment delineate some of the actions that the Defendants and their co-conspirators took in furtherance of this conspiracy, "in the Middle District of Florida and elsewhere." SI at 13. Although most of the overt acts do not specifically allege where they occurred, at least some allege that they occurred in the Middle District of Florida.[1] For example, in May of 2015, Yeshitela departed from Tampa, en route to Moscow, in order to meet with "an official representative of the Russian government" and to enter into the charged conspiracy with Ionov. OA ¶¶ 1-4.

In September of 2015, Yeshitela again traveled from Tampa to Moscow to meet with Ionov. OA ¶ 16. After that meeting, Yeshitela and APSP leadership, including Romain, memorialized their conspiratorial agreement with Ionov. OA ¶¶ 17-18. In a series of emails, which Romain received, Yeshitela and Nevel explained that, through Ionov—who they characterized as an "instrument of Russian government"—the Russian government would use the APSP to engage "the U.S. and Europe in serious struggle" and to "sew division inside the U.S." *Id.* In exchange for allowing the APSP to be coopted by the Russian government, the Superseding Indictment alleges, the APSP, and later Black Hammer, received "financial support, consulting, instruction, and promotion in Russian media outlets" from Ionov and the FSB. SI at 11.

---

[1] The evidence at trial will establish that a large number of the overt acts were committed in the Middle District of Florida.

In addition to overt acts that were explicitly committed in the Middle District of Florida, numerous other overt acts reference conduct occurring in the Middle District of Florida. For example, Ionov distributed photographs of APSP activities in St. Petersburg, Florida, to the FSB. OA ¶¶40-41. The Superseding Indictment also discusses extensive efforts by Ionov and the FSB to co-opt APSP candidates for local political office in St. Petersburg. *Id.* ¶¶ 31, 44-53.

After leaving the APSP in late 2018, Romain founded his own group, Black Hammer, based in Atlanta, Georgia. While residing outside of the Middle District of Florida, Romain agreed to and did travel and engage in protests at Ionov's direction and with Ionov's funding, similar to the manner in which APSP members had executed conspiratorial acts. *Compare* OA ¶¶ 19-26 (describing a series of protests that APSP conducted in furtherance of the conspiracy), *with* OA ¶¶ 76-94 (describing a series of protests that Black Hammer conducted in furtherance of the conspiracy). Romain and Ionov discussed the success of Romain's actions, with Romain boasting that his actions on Ionov's behalf were more successful than those that Yeshitela had undertaken. OA ¶ 87 ("Omali [Yeshitela] could never do what I do lmao").

## II.   LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Criminal Procedure 7(c)(1) provides: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment is sufficient if it includes

5

"all elements of the offense and briefly describe[s] the facts of the commission of offense." *United States v. deVegter*, 198 F.3d 1324, 1330 (11th Cir. 1999).

A motion to dismiss an indictment may only be decided prior to trial if the court can rule on the motion "without a trial on the merits." Fed. R. Crim. P. 12(b)(1). This requirement is met only if a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the [motion]." *United States v. Covington*, 395 U.S. 57, 60 (1969). Therefore, in analyzing a motion to dismiss, the court is limited to the allegations in the indictment and must read those allegations in the light most favorable to the government. *See United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987).

### B. Venue

The Sixth Amendment requires that criminal trials be held before "an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The locality of the crime is "determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6–7 (1998) (quotation marks omitted).

"In a conspiracy case, venue is proper in any district where an overt act was committed in furtherance of the conspiracy." *United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990). "[T]he overt act in the location of the venue need not be alleged in the indictment, so long as evidence of the act is presented at trial and the defendant is given constitutionally sufficient notice of the charges against him." *United States v. Shoss*, 523 F. App'x 713, 715-16 (11th Cir. 2013) (citing *United States v.*

6

*Schlei*, 122 F.3d 944, 975 n. 10 (11th Cir. 1997)); *see also United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010) ("[V]enue is an essential element of the government's proof at trial.").

### III. ANALYSIS

The Superseding Indictment properly charges Romain with conspiring to act as an agent of the Russian government, in violation of 18 U.S.C. §§ 371 and 951, in the Middle District of Florida. The Superseding Indictment alleges that the conspiracy occurred "in the Middle District of Florida, Russia, and elsewhere," and that co-conspirators committed overt acts "in the Middle District of Florida and elsewhere." SI at 9, 11. Moreover, at least two overt acts specifically state that they were committed within the Middle District of Florida. OA ¶¶ 4, 16. And several overt acts further discuss conduct occurring in the Middle District of Florida, such as the Russian co-conspirators' attempts to influence elections in the Middle District of Florida. OA ¶¶ 44-53; *see United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) ("[W]here a criminal conspirator commits an act in one district which is intended to further a conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either.").

Taking these allegations as true, as the Court must at the motion to dismiss stage, the Superseding Indictment properly charges Romain in the Middle District of Florida. *Cf. Shoss*, 523 F. App'x at 716 ("These overt acts, outlined in the indictment as having occurred 'in the Middle District of Florida and elsewhere' and presented at trial, were more than sufficient to establish venue in the Middle District of Florida.").

Romain argues that the Superseding Indictment should be dismissed as to him because it does not allege that he personally took any overt acts in the Middle District of Florida. For starters, that argument is entirely inconsistent with general conspiracy law, which makes clear that an individual can be properly charged for conspiracy even if he did not personally commit *any* overt act. *See, e.g., United States v. Thomas*, 8 F.3d 1552, 1560 n. 21 (11th Cir. 1993) ("Of course, an individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient."); *United States v. McNair*, 604 F.3d 1152, 1202 n. 67 (11th Cir. 2010) (same).

Moreover, as the Eleventh Circuit has held, the overt act necessary to establish venue "may be committed by any conspirator, anyone who aids or abets a conspirator, or anyone a conspirator causes to act." *United States v. Bradley*, 644 F.3d 1213, 1255 n. 87 (11th Cir. 2011). Therefore, the fact that the Superseding Indictment does not allege that Romain committed any overt acts within the Middle District of Florida is irrelevant.

The Defendant relies heavily on *United States v. Ramirez*, 420 F.3d 134, 141 (2d Cir. 2004), in which the Second Circuit stated that "preparatory" actions are not sufficient to establish venue. In that case, however, the court was discussing substantive counts relating to false statements, not a conspiracy. In any event, the Superseding Indictment alleges far more than just "preparatory" actions occurring in the Middle District of Florida. It alleges a variety of actions occurring in this District,

8

from the forming of the conspiracy in late 2014 through early 2015, and continuing to protests, publications, and other actions taken on behalf of the Russian government through March of 2022.

Finally, Romain complains that trying his case in this District will unduly burden witnesses and the court system. The opposite is true. The evidence against Romain will be introduced primarily by law enforcement agents who work in this District. Furthermore, the evidence against Romain overlaps extensively with the evidence against his codefendants. Trying Romain separately in another District would require the duplicate presentation of a large volume of evidence, and require travel for virtually every witness in the case. Given that Romain is properly charged in the Middle District of Florida, the Court should not require this wasteful duplication of efforts.

## IV.   CONCLUSION

The United States respectfully requests that the Court deny the Defendant's Motion to Dismiss.

Respectfully submitted,

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER KENNEDY GELLIE<br>Executive Deputy Chief,<br>Counterintelligence and Export<br>Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |
| COREY R. AMUNDSON<br>Chief, Public Integrity Section | By: *s/ Demetrius D. Sumner*<br>DEMETRIUS D. SUMNER<br>Trial Attorney, Public Integrity Section<br>PA Bar No. 321406<br>1301 New York Ave., Washington, D.C.<br>202/597-0775 \| Demetrius.Sumner2@usdoj.gov |

U.S. v. Ionov, et al.                                    Case No. 8:22-cr-259-WFJ/AEP

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ronald Kurpiers, Esq. (Standby Counsel for Augustus C. Romain, Jr.)

Additionally, a copy will be sent by mail to:

Augustus C. Romain, Jr.
54801510
Citrus County Detention Facility
2604 W. Woodland Ridge Dr.
Lecanto, FL 34461

                                                  */s/ Daniel J. Marcet*
                                                  Daniel J. Marcet
                                                  Assistant United States Attorney
                                                  Florida Bar No. 0114104
                                                  400 N. Tampa St., Ste. 3200
                                                  Tampa, FL 33602-4798
                                                  Telephone: (813) 274-6000
                                                  E-mail: Daniel.Marcet@usdoj.gov