| | | |
|---|---|---|
| 09:50:45AM | 1 | MR. FERNANDEZ: No, Your Honor. |
| 09:50:46AM | 2 | THE COURT: Mr. Li, did you want to say anything |
| 09:50:49AM | 3 | further, sir? |
| 09:50:49AM | 4 | THE DEFENDANT: No. |
| 09:50:51AM | 5 | THE COURT: I did mean to ask, is it expected that |
| 09:51:37AM | 6 | Mr. Li's naturalized citizenship is subject to revocation |
| 09:51:42AM | 7 | because of this proceeding? |
| 09:51:44AM | 8 | MR. MARCET: No. No. He was naturalized before we |
| 09:51:47AM | 9 | can show the conduct started. |
| 09:52:02AM | 10 | THE COURT: Well, Mr. Li, in imposing a sentence in |
| 09:52:17AM | 11 | the district court, the judge considers a number of factors, |
| 09:52:23AM | 12 | including the policies and guidelines of the United States |
| 09:52:31AM | 13 | Sentencing Commission, such as the one that affects persons |
| 09:52:35AM | 14 | like you who are so-called zero-point offenders and having no |
| 09:52:40AM | 15 | criminal history. I consider the applicable statutory |
| 09:52:44AM | 16 | penalties, that is five years here. It would have been ten |
| 09:52:55AM | 17 | years under the other count of the indictment. |
| 09:52:59AM | 18 | I consider the submissions by counsel, both oral and |
| 09:53:05AM | 19 | written. Both counsel submitted a memorandum and both have |
| 09:53:10AM | 20 | argued quite a bit here this morning back and forth on the |
| 09:53:14AM | 21 | merits of the case and the -- well, not so much the merits of |
| 09:53:18AM | 22 | the case as the prospective sentence. I have, of course, |
| 09:53:25AM | 23 | considered your statement on your own behalf and I read very |
| 09:53:31AM | 24 | carefully the letters that were written to me by -- |
| 09:53:35AM | 25 | particularly by your family members. I looked very carefully |

09:53:43AM 1   at the information about you that was -- so I could know as

09:53:46AM 2   much as I could about you from the presentence report, from the

09:53:52AM 3   counsels' submissions, from the correspondence from your

09:54:08AM 4   family.

09:54:09AM 5         One of the things I often do is I'll look at the

09:54:11AM 6   resident's address on Google -- you're talking about Google --

09:54:17AM 7   and see the neighborhood in which people live and the

09:54:20AM 8   circumstances.  And I certainly took note of the fact that you

09:54:25AM 9   came to the United States to go to school essentially without

09:54:34AM 10   wealth, to say the least, and a number of years later you have

09:54:43AM 11   advanced degrees in mathematics and computer science.

09:54:52AM 12         You have two children, I think one a senior in high

09:54:57AM 13   school and one older.  I think I counted 12 rental houses

09:55:10AM 14   ranging up in value into the mid or upper 400,000s, and a net

09:55:16AM 15   worth -- well, more or less five and a half million dollars.

09:55:23AM 16         If I read the presentence report correctly, whatever

09:55:28AM 17   you have done here you did it without compensation, direct

09:55:38AM 18   compensation at least.  I'm not saying there was any other, I'm

09:55:42AM 19   just saying there was no detectible direct financial

09:55:46AM 20   compensation.

09:55:47AM 21         You know, I will have to say, Mr. Li, it's bitterly

09:56:05AM 22   disappointing and, to put it mildly, upsetting to American

09:56:13AM 23   citizens to permit someone to come here from a foreign country,

09:56:20AM 24   particularly one that conducts itself generally in a manner

09:56:25AM 25   adverse to the best interests of the United States, and have

09:56:28AM 1  that person take advantage of our public education system and

09:56:35AM 2  become a citizen, and then cooperate with that hostile power to

09:56:47AM 3  provide it useful information or provide it more easily

09:56:59AM 4  information that it could only get more -- with greater

09:57:03AM 5  difficulty.

09:57:05AM 6      I mean, it's astounding to me that, reading all of

09:57:12AM 7  this, that you did this at all.  If my best high school friend

09:57:21AM 8  asked me to -- actually my best high school friend is no longer

09:57:26AM 9  here.  But if he were still here and he asked me to use my

09:57:31AM 10 access to the presentence reports or other things to provide

09:57:38AM 11 useful information to some foreign power, I wouldn't care

09:57:44AM 12 frankly whether it was available to them on PACER or something,

09:57:49AM 13 I just wouldn't do it.  Not only would I not do it, I would

09:57:54AM 14 probably call the employer of the United States Attorney here

09:57:56AM 15 and let them know that I had been asked.

09:58:04AM 16     It's difficult to -- it's difficult to digest having

09:58:19AM 17 someone who is -- whose wife and children are living an

09:58:24AM 18 excellent life in the United States providing useful

09:58:27AM 19 information to a foreign power.  And I agree with the United

09:58:36AM 20 States that the methods by which you did this and the

09:58:41AM 21 furtiveness of the conduct, including the change of addresses

09:58:47AM 22 and the use of alternate, I'll say, discreet communication

09:58:56AM 23 methods, it's obvious that you were aware throughout the time

09:58:59AM 24 that you were doing something that was wrong, probably illegal,

09:59:07AM 25 almost certainly knew that it was illegally.

09:59:09AM 1    You are an extremely smart man.  Everyone I've ever
09:59:16AM 2  known who could deal with differential equations was a very
09:59:21AM 3  smart man.  And they might not have known the identity of the
09:59:26AM 4  statute, but they had no doubt that it was there.

09:59:35AM 5    And I did note your deceit when you were initially
09:59:39AM 6  confronted by law enforcement.  I won't put any weight on this
09:59:52AM 7  but -- because I don't know this, but it sounded like a very
09:59:56AM 8  carefully prepared statement, as if you perhaps didn't expect
10:00:02AM 9  to get apprehended but had prepared against that contingency.

10:00:11AM 10    And I would say that it's a good thing that you're
10:00:21AM 11  not standing before the courts of the nation that you helped,
10:00:25AM 12  because I know what your sentence would be had you done this on
10:00:29AM 13  behalf of some foreign power and against the perversely named
10:00:37AM 14  People's Republic of China.  It's certainly not a republic of
10:00:43AM 15  any nature, to the extent that the word has meaning in the
10:00:48AM 16  English language.  But the courts of justice of the United
10:00:53AM 17  States are in fact that.  They have splendid judges such as Don
10:01:04AM 18  Middlebrooks and Mike Moore and others who will set aside
10:01:13AM 19  matters that are peripheral and get to the heart of the matter.

10:01:24AM 20    The lack of sentencing guidelines here undoubtedly
10:01:30AM 21  accounts for a little bit of the variance in the sentences as
10:01:33AM 22  does peculiarities of individual factual circumstances.  It is
10:01:43AM 23  very difficult to give sentences based on comparable cases.
10:01:49AM 24  It's much easier to do it based on aggregated data -- not
10:01:55AM 25  easier, but much more reliable on aggregated data, which is

10:02:01AM 1 what the term "unwarranted disparity" actually directs its main

10:02:06AM 2 focus to, is the aggregate data.

10:02:12AM 3 For example, the fines, it's very difficult to

10:02:18AM 4 compare one crime and the fine that resulted from the crime to

10:02:22AM 5 another crime and the fine that should result from that crime,

10:02:26AM 6 because the ability to -- and the proper fine has something to

10:02:31AM 7 do with the defendant's ability to pay. So a fine that was

10:02:37AM 8 devastating to one defendant or perhaps unlawful when applied

10:02:41AM 9 to that defendant might be modest or even trivial compared to

10:02:47AM 10 another defendant.

10:02:54AM 11 So the United States properly notes that -- or

10:02:56AM 12 correctly notes that through the accounting number that the

10:03:05AM 13 Bureau of Prisons offers for an annual imprisonment is

10:03:12AM 14 one-fifth of the fine for which the United States is asking

10:03:16AM 15 here. That was not grammatical. It's about one-fifth of the

10:03:25AM 16 fine that the United States seeks.

10:03:29AM 17 In addition to those factors that I mentioned a few

10:03:36AM 18 minutes earlier, Mr. Li, I also consider the factors at 18

10:03:41AM 19 U.S.C. 3553(a). Those include the nature of the offense. Of

10:03:49AM 20 course, the respective party's characterization of the offense

10:03:53AM 21 is different in emphasis. The fundamental facts are about the

10:04:01AM 22 same but the emphasis is quite different, and the

10:04:07AM 23 characterization that results from that varied emphasis is

10:04:14AM 24 different.

10:04:23AM 25 Of course I would primarily base your sentence on

your conduct and not the conduct of the Chinese government and its functionaries elsewhere, although it is not impermissible to understand that those objectives exist and those efforts proceed in the United States in many forms and through many mechanisms.  Just a review of the cases would show you that. So I would not consider that you are accountable for the conduct to the government of China.  But I think in understanding your conduct, it is not out of bounds to say that you assisted a foreign power that would be on anyone's short list of the three or four most threatening and adverse foreign powers in the world as to the United States.  Some probably would rank China number one.  I don't think they would fall too far from that in any ranking.

The United States is correct to point out the -- in this instance, as I often point out, the duration of an offense for several reasons.  One is that it is not an offense of impulse or of momentary judgment.  It is a course of action taken by someone who is financially secure, who has a supportive -- apparently a supportive family, a loving family to whom he gives a great deal of time, and over a period of a decade or more he engages in a risky and -- a risky course of action that is certainly conducted to thwart the best interests of the United States.

The exact consequences of the crime are not known, but one must say that committing an offense, the consequences

of which you cannot know in most instances hold you responsible for whatever the consequences are, like -- rather like looking away from a crowd so you can't see who you shoot and pulling the trigger.  You may shoot no one, you may shoot two or three people.  The fact that you didn't know and chose to look the other way is not very important.

And I must say you did not -- had you walked into the Office of the United States Attorney and said, "Over the past few years I've been involved in a course of conduct contrary to the interests of the United States, and I'm ashamed of myself and I want to turn myself in and assist the United States in apprehending my contacts and sources and the like," that would certainly have been a different set of circumstances than being apprehended and initially giving a concocted explanation.  So the offense is well described in the presentence report, including your travel to China to further your activities, and from all we can tell receiving instructions and implementing them on your return.

I did look at your individual background.  I've already discussed it.  It is a 3553(a) factor.  Typically that is the source of attention in a criminal sentencing because often a defendant will come from excruciatingly bad circumstances, a drug dealer who was a drug addict and whose mother was a drug addict and quit school in the seventh grade to deal drugs full time, and often that is considered

1 mitigating. I will say there's nothing in your background that
2 I would say is mitigating.
3 You do have no prior criminal history, I suppose
4 that's mitigating, and you're engaged in a profitable business,
5 I assume timely paying taxes. The United States would have
6 noticed that. So I suppose that's mitigating. And I join the
7 United States and Mr. Fernandez in thinking that this is
8 probably your last instance of cooperation with China in
9 gathering information useful to them. So I don't think
10 recidivism is important here.
11 There are some other factors, such as imposing a
12 sentence that is proportionate to the offense and that a
13 reasonable and informed and disinterested person would regard
14 as neither excessively punitive or excessively lenient given
15 the nature of the offense. I think anything within this
16 statutory range here is -- or at least the numbers that we've
17 been talking about would not depend upon the facts of the case,
18 create any assumption at one extreme or the other.
19 I also consider protection for the community.
20 Obviously the United States is entitled to and has enacted a
21 series of statutes to control foreign agents and punish people
22 who transmit to foreign powers useful information, classified
23 information, and the like. People who commit espionage, people
24 who commit treason and that sort of thing to protect the
25 community against the advances and intrusions of a foreign

| | |
|---|---|
| 10:12:16AM | 1 |

power, even sometimes a friendly power, but more often a
hostile power.

Mr. Fernandez brought up deterrence.  I will agree
with Mr. Fernandez that the role of deterrence in sentencing is
an ongoing source of discussion, debate, argument, and
occasionally furious exchanges, depending on the topic of the
case and the participants.  The statute, however, says that
it's to be considered, so it is worthy of consideration.

And I will say that there are some offenses in which
the participants in this ongoing debate would say, to the
extent and if deterrence has an effect, it's more likely to
have an effect in this sort of case than in that type of case.
Certainly a crime of passion or impulse and any number of
offenses committed by young people with poor judgment or poor
impulse control or whatever, they're probably not good targets
for deterrence.  Although there was a certain form of
deterrence at my home that probably deterred me from doing some
things, so I wouldn't give it no weight.  I probably would have
needed to be arrested and taken to prison for my protection had
I been engaged in a certain kind of conduct and insisted that
they hold me a day or two.

But when you have a crime, sir, that's committed by
someone who is comfortable in their lifestyle, who is highly
educated, who has made a calculation, and is capable of making
that calculation, who makes a decision and persists in that

10:14:32AM 1  decision for a number of years, I'm afraid I cannot agree with

10:14:36AM 2  Mr. Fernandez.  As much respect as I have for him and his

10:14:40AM 3  judgment, I cannot agree with him that deterrence is not an

10:14:44AM 4  important consideration in these circumstances.

10:14:49AM 5       Because certainly the United States of America can,

10:14:52AM 6  is entitled to, and arguably must convey to citizens, to

10:15:03AM 7  visitors, and to all others who are interested that those who

10:15:12AM 8  act against the interests of the United States in the category

10:15:20AM 9  of offenses that is involved here will be punished in the

10:15:24AM 10 United States and not in just a formalistic or perfunctory

10:15:33AM 11 manner.  It is a serious crime to cooperate with a hostile

10:15:42AM 12 foreign power against the interests of the United States and

10:15:47AM 13 against the laws of the United States.  That seems to me an

10:15:50AM 14 irreducible minimum for a case such as this.  So respectfully,

10:15:56AM 15 again, I must disagree with Mr. Fernandez on that one point.

10:16:01AM 16      There are some other 3553(a) factors that are

10:16:08AM 17 involved here.  I think they're much less important than the

10:16:12AM 18 ones that we have discussed, and I think I did discuss the

10:16:15AM 19 avoidance of unwarranted disparity sufficiently.  It's a very

10:16:22AM 20 case-sensitive thing that the data is not as reliable as it is

10:16:27AM 21 in other areas.

10:16:30AM 22      So pursuant to the Sentencing Reform Act of 1984, to

10:17:05AM 23 the extent applicable after *United States versus Booker*, and

10:17:08AM 24 pursuant to 18 U.S.C. 3553, Ping Li is committed to the Bureau

10:17:14AM 25 of Prisons for 48 months.  Upon release, he must serve a

| | |
|---|---|
| 10:17:18AM | 1 |
| 10:17:21AM | 2 |
| 10:17:27AM | 3 |
| 10:17:32AM | 4 |
| 10:17:38AM | 5 |
| 10:17:38AM | 6 |
| 10:17:42AM | 7 |
| 10:17:43AM | 8 |
| 10:17:49AM | 9 |
| 10:17:53AM | 10 |
| 10:17:59AM | 11 |
| 10:18:02AM | 12 |
| 10:18:06AM | 13 |
| 10:18:09AM | 14 |
| 10:18:14AM | 15 |
| 10:18:18AM | 16 |
| 10:18:22AM | 17 |
| 10:18:25AM | 18 |
| 10:18:27AM | 19 |
| 10:18:31AM | 20 |
| 10:18:38AM | 21 |
| 10:18:42AM | 22 |
| 10:18:44AM | 23 |
| 10:18:47AM | 24 |
| 10:18:52AM | 25 |

three-year term of supervised release during which he must comply with the mandatory and standard conditions adopted by the Court in the Middle District of Florida and appearing at Sections 5D1.3(a) and (c) of the United States Sentencing Guidelines.

In addition, he must comply with the following special conditions:

First, he must submit to a search of his person, residence, place of business, any storage units under his control, any computer or vehicle under his control, which search is conducted by the United States probation officer at a reasonable time and in a reasonable manner based on a reasonable suspicion of contraband or evidence of a violation of the condition of release. He must inform any other residents or occupants or users of the premises that he may -- that the premises may be subject to a search under this condition. Failure to submit to that search may be grounds for revocation.

Two, the defendant is prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchase without approval of the probation officer in advance.

And, third, the defendant must provide the probation officer with access to any requested financial information.

Fourth, the defendant must refrain from engaging in

| | 1 | employment where he will have access to sensitive government |
|10:18:55AM| | |
|10:18:59AM| 2 | information. |
|10:19:00AM| 3 | And, fifth, the defendant must have no contact with |
|10:19:05AM| 4 | any foreign agents or representatives. |
|10:19:08AM| 5 | As a qualifying felony, the defendant must cooperate |
|10:19:12AM| 6 | in the collection of his DNA as directed by the probation |
|10:19:16AM| 7 | officer. |
|10:19:16AM| 8 | Ms. Lorenz, has that been accomplished? |
|10:19:19AM| 9 | MS. LORENZ:  No, Your Honor. |
|10:19:20AM| 10 | THE COURT:  Would you make sure that it is. |
|10:19:22AM| 11 | MS. LORENZ:  Yes. |
|10:19:22AM| 12 | THE COURT:  Thank you. |
|10:19:23AM| 13 | Mandatory drug testing requirements of the Violent |
|10:19:27AM| 14 | Crime Control Act of course are suspended. |
|10:19:30AM| 15 | The defendant must pay a fine in the amount of |
|10:19:32AM| 16 | $250,000.  He must pay $10,000 immediately.  While in the |
|10:19:39AM| 17 | Bureau of Prisons -- actually, this defendant has the capacity |
|10:19:45AM| 18 | to pay this fine, so I think this fine is due immediately. |
|10:19:50AM| 19 | Is there any reason to do anything else other than |
|10:19:53AM| 20 | that? |
|10:19:54AM| 21 | MR. MARCET:  I don't know the legal standard on that, |
|10:19:56AM| 22 | but I agree from the evidence we've seen he has the ability to |
|10:19:59AM| 23 | pay. |
|10:20:00AM| 24 | MR. FERNANDEZ:  Most of that money is tied up in real |
|10:20:02AM| 25 | estate.  He'll have mortgages on those properties.  I'm not |

10:20:05AM 1    sure that's going to be possible.

10:20:07AM 2         THE COURT:  Well, I'll tell you what, just with a

10:20:16AM 3    couple of his cash accounts, he can make a heavy dent in it.  I

10:20:18AM 4    think he can almost take care of it completely, I think, with

10:20:18AM 5    the cash he has available and maybe one of those houses and get

10:20:23AM 6    some change.

10:20:25AM 7         I'll levy the special assessment of $100, which is

10:20:33AM 8    due immediately.

10:20:33AM 9         For the reasons that I have stated earlier, I

10:20:36AM 10   conclude that this sentence is certainly not greater than

10:20:40AM 11   necessary to comply with the statutory purposes of sentencing.

10:20:44AM 12   I believe it is sufficient because I believe Mr. Li will not

10:20:52AM 13   again commit this offense.  But there is an overriding need to

10:20:59AM 14   protect the United States of America from this activity, to

10:21:03AM 15   deter those who would engage in this activity, and to assess a

10:21:14AM 16   penalty and assign a sentence that is in accord with the

10:21:20AM 17   proportion of this offense against the security and dignity of

10:21:24AM 18   the United States.

10:21:25AM 19        Count Two is dismissed in accord with the plea

10:21:29AM 20   agreement.

10:21:29AM 21        Does counsel for the United States or the defense

10:21:32AM 22   object to the sentence or the manner of its announcement for

10:21:35AM 23   any reason not already stated on the record?

10:21:39AM 24        Mr. Marcet?

10:21:40AM 25        MR. MARCET:  No, Your Honor.

10:21:41AM  1    THE COURT:  Mr. Fernandez?

10:21:42AM  2    MR. FERNANDEZ:  No, sir.

10:21:45AM  3    THE COURT:  I will allow the defendant to voluntarily

10:21:48AM  4  surrender at an institution designated by the Bureau of

10:21:53AM  5  Prisons.  He may surrender on the first Wednesday -- what day

10:22:01AM  6  is after January 1st.

10:22:03AM  7    COURTROOM DEPUTY CLERK:  January 8th.

10:22:05AM  8    THE COURT:  I think that's the first Wednesday.

10:22:08AM  9    And the defendant must proceed immediately to the

10:22:15AM 10  Office of the United States Marshal to await processing and

10:22:18AM 11  further instructions.

10:22:21AM 12    Did you have a recommendation?  Coleman?

10:22:24AM 13    MR. FERNANDEZ:  Coleman.

10:22:26AM 14    THE COURT:  I'll recommend that he be housed at

10:22:28AM 15  Coleman, Florida, and, if not, at Jesup, Georgia.

10:22:36AM 16    In your plea agreement, Mr. Li, you've largely waived

10:22:41AM 17  your right to appeal from this judgment and sentence unless I

10:22:44AM 18  have sentenced you unlawfully, which typically means above the

10:22:50AM 19  statutory maximum, above the applicable guideline range, or in

10:22:54AM 20  some unconstitutional manner.  Because I think I've done none

10:22:59AM 21  of that, I think you have no right of appeal, that's, however,

10:23:03AM 22  for you and Mr. Fernandez to determine.  If you have a right of

10:23:07AM 23  appeal and elect to do so, I need to tell you two things if

10:23:07AM 24  you'll bear with me for a minute.

10:23:10AM 25    Number one, you always have a right to counsel on

10:23:12AM 1  direct appeal.  If you can't afford counsel, I would appoint

10:23:15AM 2  one for you at public expense.  As it stands now, Mr. Fernandez

10:23:20AM 3  must preserve and pursue any appeal unless other counsel is

10:23:25AM 4  substituted for him by an order of the Court.

10:23:27AM 5      Number two, to begin an appeal, you must file with

10:23:32AM 6  the clerk of this court a written notice of appeal that is

10:23:37AM 7  filed within 14 days and that is accompanied by a filing fee.

10:23:41AM 8  If you haven't the money to pay the fee, Mr. Fernandez can ask

10:23:45AM 9  the Court to waive the fee, and if that's granted you can

10:23:49AM 10 appeal without payment.

10:23:50AM 11     Anything further from the United States?

10:23:53AM 12     MR. MARCET:  No, Judge.

10:23:54AM 13     THE COURT:  Anything further from the defense?

10:23:56AM 14     MR. FERNANDEZ:  No, Your Honor.

10:23:56AM 15     THE COURT:  All right.  We are in adjournment.

10:23:59AM 16     MR. MARCET:  Thank you, Judge.

10:24:02AM 17     MR. FERNANDEZ:  Thank you.

10:24:04AM 18     MR. MARCET:  Have a nice Thanksgiving.

10:24:08AM 19     (Whereupon, the Court adjourned at 10:24 a.m.)

10:24:08AM 20          --oo0oo--

21

22

23

24

25

1              <u>REPORTER'S CERTIFICATE</u>

2         I, REBECCA M. SABO, a Registered Merit Reporter and

3  Certified Realtime Reporter, certify that the foregoing

4  transcript is a true and correct record of the proceedings

5  given at the time and place hereinbefore mentioned; that the

6  proceedings were reported by me in machine shorthand and

7  thereafter reduced to typewriting using computer-assisted

8  transcription; that after being reduced to typewriting, a

9  certified copy of the transcript will be filed electronically

10  with the Court.

11         I further certify that I am not attorney for, nor

12  employed by, nor related to any of the parties or attorneys to

13  this action, nor financially interested in this action.

14         IN WITNESS WHEREOF, I have set my hand at Tampa,

15  Florida, this 6th day of December, 2024.

16

17                      <u>/s/ Rebecca M. Sabo</u>

18                     Rebecca M. Sabo, RMR, CRR
                             Federal Official Court Reporter

19

20

21

22

23

24

25